IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

STACIA GREEN,

Plaintiff, Pro Se

v.

ELIZABETH HERTEL, in her individual capacity;

STACIE SAMPSON, in her individual capacity;

STEVEN KIBIT, in his individual capacity;

MARNI CLAY, in her individual capacity;

DAVID GOODKIN, in his individual capacity;

JEFFERY LOVE, in his individual capacity;

Defendants.

Case No.: _____

FILED - GR
May 12, 2025 2:30 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: KB  SCANNED BY: KB /5/13

1:25-cv-552
Paul L. Maloney
United States District Judge

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983

Plaintiff, Stacia Green, appearing pro se, brings this civil rights action under 42 U.S.C. § 1983 against the above-named Defendants in their individual capacities for violations of her constitutional rights under the First, Fifth, and Fourteenth Amendments to the United States Constitution.

### A. JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as Plaintiff asserts claims arising under the Constitution and laws of the United States. Venue is proper in this District pursuant to 28 U.S.C. §

1391(b), because all Defendants reside in this District and the events giving rise to these claims occurred within it.

## B. PARTIES

1. Plaintiff Stacia Green is a citizen of the United States and a resident of Michigan.
2. Defendant Elizabeth Hertel is the Director of Michigan DHHS and is sued in her individual capacity.
3. Defendant Stacie Sampson is the Director of the Office of Inspector General and is sued in her individual capacity.
4. Defendant Steven Kibit is an Administrative Law Judge involved in Plaintiff's proceedings and is sued in his individual capacity.
5. Defendant Marni Clay is an OIG Investigator who conducted the audit leading to the deprivation of Plaintiff's wages and is sued in her individual capacity.
6. Defendant David Goodkin is an Assistant Attorney General who coerced Plaintiff into signing a repayment agreement under threat and is sued in his individual capacity.
7. Defendant Jeffery Love is a DHHS employee who retaliated against Plaintiff by submitting a false report, and is sued in his individual capacity.

## C. FACTUAL BACKGROUND

1. From May 2015 to December 2018, Plaintiff worked as an approved provider under Michigan's Medicaid Home Help Program. During this period, she lawfully earned wages and paid taxes on those earnings.
2. In 2019, Defendant Jeffery Love, a DHHS employee, improperly demanded in-person ID verification from one of Plaintiff's workers,

contrary to agency policy. When Plaintiff escalated the issue to the Director of the Home Help Program, Love retaliated by submitting a 'suspicious activity' report to the Office of Inspector General.

3. Based on that report, Defendant Marni Clay conducted an audit which resulted in the conclusion that Plaintiff had been overpaid by $12,480.17. No proper hearing or notice was given before the state withheld these funds from Plaintiff's wages.

4. Subsequently, Defendant David Goodkin coerced Plaintiff into signing a repayment agreement under threat of continued wage seizure. Plaintiff signed the agreement under economic duress and without access to legal representation.

5. When Plaintiff attempted to challenge the wage seizure, Defendant Steven Kibit, serving as Administrative Law Judge, failed to compel production of records, ignored Plaintiff's evidence, and upheld the agency findings without affording Plaintiff a fair hearing.

## CAUSES OF ACTION

1. Count I: Violation of Due Process (Fifth and Fourteenth Amendments)
Plaintiff repeats and realleges the allegations in all preceding paragraphs as if fully stated herein. By seizing Plaintiff's earned wages without notice or an opportunity for a meaningful hearing, Defendants deprived Plaintiff of property in violation of her rights under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

2. Count II: Violation of Equal Protection (Fourteenth Amendment)
Defendants selectively targeted Plaintiff for adverse enforcement actions while similarly situated Medicaid providers were not subjected

to the same treatment. This discriminatory and retaliatory conduct violated Plaintiff's right to equal protection under the Fourteenth Amendment.

3. <u>Count III: Invalid Waiver Under Duress (Fifth and Fourteenth Amendments)</u>

   Plaintiff was coerced into signing a repayment agreement under economic duress and threat of continued wage seizure. Such waiver was neither knowing, voluntary, nor intelligent, and violates Plaintiff's constitutional protections against compelled forfeiture of rights.

4. <u>Count IV: Vagueness in Administrative Regulations (Fifth Amendment)</u>

   Defendants applied vague, unpublished, or inconsistently enforced administrative standards to penalize Plaintiff without clear notice or explanation. These actions violate the Due Process Clause's requirement for clear, fair, and reasonable notice of obligations and penalties.

5. <u>Count V: Violation of the Takings Clause (Fifth Amendment)</u>

   The seizure of Plaintiff's wages without just compensation or lawful process constituted an unconstitutional taking of private property for public use, in violation of the Fifth Amendment's Takings Clause.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Declare that Defendants violated Plaintiff's constitutional rights;

2. Order the return of $12,480.17 in lawfully earned wages;

3. Award compensatory damages in the amount of $ 315,000.00;

4. Award punitive damages in the amount of $520,000.00;

5. Issue injunctive relief preventing future unlawful recoupment practices;

6. Award attorneys' fees and costs pursuant to 42 U.S.C. § 1988; $27,800.00

7. Grant such further relief as the Court deems just and proper.

## VERIFICATION

I, Stacia Green, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Date: 5-12-25

Signature: _Stacia Green_

Stacia Green (Pro Se Litigant)
3624 29th St SE
Kentwood MI, 49512

# **CERTIFICATE OF SERVICE**

I hereby certify that on _____, I served a true and correct copy of this Complaint on the following individuals:

Elizabeth Hertel
Stacie Sampson
Steven Kibit
Marni Clay
David Goodkin
Jeffery Love

Address for service: 333 S Grand Ave, Lansing, MI 48933

Signature: _____

Stacia Green (Pro Se Litigant)

Defendant Stacie Sampson, as Director of the OIG, allowed the post-payment wage seizure without affording Plaintiff procedural safeguards. Defendant Marni Clay, who conducted the audit, fabricated the amount allegedly owed. Defendant Steven Kibit, the ALJ overseeing the matter, admitted on the record that he could not even see or verify the documentation provided by the agency, but nonetheless ruled against Plaintiff without applying appropriate scrutiny.

In 2018, after Plaintiff reported misconduct by DHHS employee Jeffery Love to his supervisor and the Director of the Home Help Program, Mr. Love retaliated by filing a false suspicious activity report with the Office of Inspector General. This whistleblowing activity was protected conduct, and the retaliatory response directly led to the audit that harmed Plaintiff's rights and property.

Federal labor law, specifically the Fair Labor Standards Act (FLSA), mandates that employees must be paid for all hours worked, regardless of any administrative or clerical errors. The Supreme Court in Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946), held that the burden is on the employer to maintain accurate records. Plaintiff was lawfully entitled to the $12,480.17 in wages she earned and already paid taxes on, and the withholding of those wages violated the FLSA.