UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| STACIA GREEN,<br>    Plaintiff,<br><br>v.<br><br>ELIZABETH HERTEL, *ET AL.*,<br>    Defendants. | No. 1:25-cv-552<br><br>Honorable Paul L. Maloney |

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on Magistrate Judge Vermaat's Report and Recommendation (R&R). (ECF No. 17). Plaintiff filed objections to the R&R. (ECF No. 19). Because the Magistrate Judge correctly determined that Plaintiff's claims were barred by *Rooker-Feldman* doctrine, and Plaintiff's other objections fail to reveal a flaw in the Magistrate Judge's conclusions, the Court will adopt the R&R in full and dismiss the case without prejudice.

### I.

After being served with an R&R issued by a magistrate judge, a party has fourteen days to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). An "objection does not oblige the district court to ignore the report and recommendation." *Fharmacy Recs. v. Nassar*, 465 F. App'x 448, 456 (6th Cir. 2012). Our

1

Local Rules require any party objecting to a report and recommendation to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (holding that "objections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error" are too general).

## II.

Plaintiff alleges that her wages were unlawfully seized pursuant to state proceedings, and that Defendants each played various roles leading up to that outcome. (ECF No. 1). In particular, Plaintiff alleges that Defendant Love "retaliated" against her by submitting a suspicious activity report related to Plaintiff's organization, Defendant Goodkin "coerced" Plaintiff into signing a repayment agreement, and Defendant Kibit failed to afford Plaintiff "a fair hearing" in his role as an Administrative Law Judge. (ECF No. 1 at PageID.3). This matter has been litigated in Michigan state courts as well. *See, e.g., Green v. Dep't of Health & Hum. Servs.*, No. 368269, 2024 WL 4834652, at *2 (Mich. Ct. App. Nov. 19, 2024) (describing Plaintiff making substantially similar allegations in state court proceedings). After Plaintiff was unsuccessful before the Administrative Law Judge, she appealed to the Kent County Circuit Court. *Id.* at *1. There, the Court sent her "a notice of deficiency for failure to file her brief and perfect her appeal," and dismissed her appeal when she failed to remedy the deficiency. *Id.* Other, later petitions to that court were dismissed for lack of jurisdiction.

*Id.* The proper forum for Plaintiff to litigate her dispute was "the circuit court in either the county where [she] resides or Ingham County." *Id.* at *3 (emphasis removed).

### III.

Plaintiff has five objections to the R&R. First, she argues that *Rooker-Feldman* doctrine does not apply; second, she argues that res judicata does not apply; third, she argues that her claims are timely; fourth, she argues that she alleged sufficient facts to state a claim; and fifth, she argues that because she is a pro se litigant, her claims should only be dismissed without prejudice, if at all. The Court notes that if it overrules either of the first two objections, the others are irrelevant, as either *Rooker-Feldman* or res judicata would be sufficient to bar all of Plaintiff's claims. For the sake of completeness, the Court will address each objection in turn, even though some relate only to alternative means of disposition.

First, under the *Rooker-Feldman* doctrine, United States District Courts lack subject-matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The key question is the source of the injury: "[i]f the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006). Here, Plaintiff alleges injury stemming from state court decisions enforcing a judgment against her or failing to overturn administrative action. *See Green*, 2024 WL 4834652, at *1. She does not allege any injury stemming from Defendants' actions other than those state court decisions and their effects. Plaintiff argues that she alleged

3

damages for "emotional distress caused by official coercion," which would be separate from her claims related to the monetary judgment. (ECF No. 19 at PageID.165). However, the complaint does not contain any reference to or substantiation of emotional distress damages. As the source of Plaintiff's alleged injury lies in state court decisions, this Court is required to reject the invitation to "review and reverse [an] unfavorable state-court judgment[]." *Exxon Mobil Corp.*, 544 U.S. at 283.

Second, a "final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) (citing *Comm'r v. Sunnen*, 333 U.S. 591, 597 (1948)). If a court does not specify otherwise, dismissal for "insufficiency of the complaint serves as an adjudication on the merits." *Guzowski v. Hartman*, 849 F.3d 252, 255 (6th Cir. 1988). Plaintiff argues that she did not, and could not, have brought claims related to the individual Defendants in the prior litigation. It appears, though, that she in fact *did* raise claims in prior litigation related to the individual Defendants' alleged conduct. *See Green*, 2024 WL 4834652, at *2 ("Green also raised what appears to be a claim that the audit process was constitutionally infirm for lack of evidence, fair process, and equal treatment, as well as various tort claims asserting that the audit process caused her to suffer both economic and special damages."). Plaintiff argues that the conduct underlying Count III of her complaint, related to a repayment agreement she signed, occurred after the state court litigation. The timeline of events is not clear from her complaint. If true, though, this would only deepen the *Rooker-Feldman* problem, as it would illustrate that the alleged injury she suffered relates only to enforcement of a state court judgment.

Third, Plaintiff's claims are for the most part untimely. Plaintiff correctly notes that the limitations period for her claims is three years. She is incorrect, though, that each individual action collecting on the state court judgment is a distinct, new injury. She cites no legal authority for this proposition, and in arguing that the statute of limitations should be tolled, cites *Sharpe v. Cureton*, 319 F.3d 259, 267 (6th Cir. 2003), which does not discuss tolling and instead says that claims involving discrimination under § 1983 may treat each new instance of discriminatory treatment as a distinct injury. This is not the sort of injury Plaintiff alleges here. The Magistrate Judge correctly calculated when her claims accrued, so this objection will be overruled.

Fourth, any claims that are timely fail to state a claim upon which relief can be granted. To survive the screening process, "a complaint must contain sufficient factual matter, accepted as true" to plausibly suggest that the plaintiff is entitled to the relief requested. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Facts "merely consistent with" the defendant's liability suggest only possibility, not plausibility, and thus fail this test. *Id.* In assessing whether the complaint contains sufficient factual matter, courts need only accept factual allegations as true and not legal conclusions or unwarranted inferences. *Kottmayer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006). Count III is supported by two sentences in the complaint which constitute only legal conclusions. The allegations presumably underlying it are similarly conclusory, asserting that Defendant Goodkin "coerced Plaintiff into signing a repayment agreement under threat of continued wage seizure. Plaintiff signed the agreement under economic duress and without access to legal representation." (ECF No. 1 at PageID.3). Plaintiff argues that these conclusory statements are sufficient to state a claim, citing *Albrecht*

5

*v. Treon*, 617 F.3d 890, 894 (6th Cir. 2010). That case concerned whether a family had a property right in their deceased son's discarded brain. *Id.* at 893-95. It is not clear how that case, or any individual proposition in the opinion, supports Plaintiff's position.

Finally, Plaintiff argues that her complaint should not be dismissed with prejudice. The R&R did not recommend dismissal with prejudice. Given the *Rooker-Feldman* problem, the Court lacks subject matter jurisdiction over the case and thus dismisses the case without prejudice. *See Davis v. Colerain Twp.*, 51 F.4th 164, 176 (6th Cir. 2022).

The Magistrate Judge correctly found that *Rooker-Feldman* doctrine barred Plaintiff's claims. Plaintiff failed to reveal flaws in the Magistrate Judge's conclusions regarding alternative means of disposition. Thus, the R&R is **ADOPTED**. (ECF No. 17). Plaintiff's complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Date: October 29, 2025        /s/ Paul L. Maloney
                              Paul L. Maloney
                              United States District Judge

6